BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: BABY FOOD MARKETING, SALES PRACTICES AND PRODUCTION LIABILITY LITIGATION | MDL No. 2997 |

RESPONSE IN OPPOSITION TO THE
MOTION FOR TRANSFER OF ACTIONS TO THE
EASTERN DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C. §1407

# **TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ...................................................................................................1

II. ARGUMENT.................................................................................................................................2

    A. The Related Actions Are Not Appropriate for Transfer and Coordination Pursuant to 28 U.S.C. §1407(a) ...............................................................................................2

        1. Transfer Should Be Denied Due to Lack of Sufficient Commonality or Shared Factual and Legal Issues Among Defendants ................................................................................................4

        2. Transfer and Coordination Will Not Further the Convenience of the Parties and the Witnesses nor Will It Promote the Just and Efficient Conduct of the Related Actions ......................................................5

        3. There Are Clear Alternatives to Centralization Under Section 1407 ..........7

            a. Steps Taken by Plaintiffs to Pursue Alternatives to Centralization ..................................................................................8

        4. Alternatively, Defendant-Specific MDLs Are More Appropriate ...............9

III. CONCLUSION..............................................................................................................................9

# **TABLE OF AUTHORITIES**

**PAGE(S)**

**CASES**

*In re 21st Century Prods., Inc. "Thrilsphere" Contract Litig.*,
  448 F. Supp. 271 (J.P.M.L. 1978) ................................................................................ 3

*In re Bernzomatic & Worthington Branded Handheld Torch Prods. Liab. Litig.*,
  293 F. Supp. 3d 1380 (J.P.M.L. 2018) .......................................................................... 7

*In re: Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*,
  804 F. Supp. 2d 1376 (J.P.M.L. 2011) .......................................................................... 2

*In re Commercial Lighting Prod., Inc. Contract Litig.*,
  415 F. Supp. 392 (J.P.M.L. 1976) ................................................................................ 8

*In re COVID-19 Bus. Interruption Prot. Ins.*,
  482 F. Supp. 3d 1360 (J.P.M.L. 2020) ................................................................. passim

*In re: Crest Sensitivity Treatment & Protect. Toothpaste Mktg.*
  *& Sales Practs. Litig.*,
  867 F. Supp. 2d 1348 (J.M.P.L. 2012) .......................................................................... 7

*In re Dairy Farmers of America, Inc., Cheese Antitrust Litig.*,
  626 F. Supp. 2d 1348 (J.P.M.L. 2009) .......................................................................... 5

*In re: Domestic Corp. Gas Absorption Refrig. Prods. Liab. Litig.*,
  285 F. Supp. 3d 1358 (J.P.M.L. 2018) .......................................................................... 7

*In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*,
  446 F. Supp. 242 (J.P.M.L. 1978) ................................................................................ 8

*In re: Hotel Booking Access for Individuals with Disabilities Litig.*,
  MDL No. 2978, 2021 WL 409560 (J.P.M.L. Feb. 5, 2021) ......................................... 6

*In re Hotel Indus. Sex Trafficking Litig.*,
  433 F. Supp. 3d 1353 (J.P.M.L. 2020) .......................................................................... 5

*In re Ins. Cos. "Silent" Preferred Provider Org. (PPO) Litig.*,
  517 F. Supp. 2d 1362 (J.P.M.L. 2007) .......................................................................... 4

*In re: Mortgage Lender Force-Placed Ins. Litig.*,
  895 F. Supp. 2d 1352 (J.P.M.L. 2012) .......................................................................... 5

*In re Not-For-Profit Hosp./Uninsured Patients Litig.*,
  341 F. Supp. 2d 1354 (J.P.M.L. 2004) .......................................................................... 3

*In re Oklahoma Ins. Holding Co. Act Litig.*,
   464 F. Supp. 961 (J.P.M.L. 1979) ..................................................................................8

*In re: OxyElite Pro & Jack3d Prod. Liab. Litig.*,
   11 F. Supp. 3d 1340 (J.P.M.L 2014) ...............................................................................4

*In re Pharm. Benefit Plan Adm'rs Pricing Litig.*,
   206 F. Supp. 2d 1362 (J.P.M.L. 2002) .............................................................................3

*In re Prevagen Prods. Mktg. & Sales Practs. Litig.*,
   283 F. Supp. 3d 1379 (J.P.M.L. 2017) .............................................................................7

*In re: Rite Aid Corp. Wage & Hour Emp't Practs. Litig.*,
   655 F. Supp. 2d 1376 (J.P.M.L. 2009) .............................................................................7

*In re Sorin 3T Heater-Cooler Sys. Prods. Liab. Litig.*,
   273 F. Supp. 3d 1357 (J.P.M.L. 2017) .............................................................................7

**STATUTES, RULES & REGULATIONS**

28 U.S.C. §1404 ............................................................................................................2, 8, 9

28 U.S.C. §1407 ............................................................................................................. *passim*

**OTHER AUTHORITIES**

MANUAL FOR COMPLEX LITIGATION, Parts I and II, §3.11 (rev. ed. 1977) ......................................8

MANUAL FOR COMPLEX LITIGATION §20.131 (Federal Judicial Center 4th ed. May
   2020) ................................................................................................................................5

## I. PRELIMINARY STATEMENT

Plaintiffs Ashley Allen, Emily Baccari, Jeremy Cantor, Kaitlynn Carson, Amber Caudill, April Cole, Neisha Daniels, Felicia Dykes, Jillian Geffken, Jessica Goodpasture, Hannah Grandt, Dominick Grossi, Galena Gutierrez, Anthony Harrison, Christina Holland, Heather Hyden, Mercedes Jones, Lisa Losiewicz, Heather McCormick, Terrie McDonald, Haley Sams, Vito Scarola, Baylee Schaefer, Natalia Storoshko, and Ariane Thomas ("Plaintiffs"), respectfully submit this response, pursuant to JPML Rule of Procedure 6.2(e), in opposition to the motion by Plaintiffs Lori-Anne Albano, Myjorie Philippe, Rebecca Telaro, and Alyssa Rose (collectively, "Albano Plaintiffs") for consolidation and transfer under 28 U.S.C. §1407 (ECF No. 1).

The Albano Plaintiffs seek to transfer all pending actions against the following baby food manufacturers: Hain Celestial Group, Inc. (Earth's Best Baby Food) ("Hain"); Nurture, Inc. (Happy Baby and Happy Tot) ("Nurture"); Beech-Nut Nutrition Company ("Beech-Nut"); Gerber Products Co. ("Gerber"); Plum PBC and its parent company, Campbell Soup Company ("Plum"); Walmart, Inc. ("Walmart"); and Northern Castle Partners (Sprout) ("Northern Castle") (collectively, "Defendants"). However, the Albano Plaintiffs fail to articulate a basis to centralize actions against these seven separate defendant baby food companies – which are not alleged to have acted in concert – in a single, sprawling industry-wide MDL. Nor do the Albano Plaintiffs explain how transfer and centralization of these actions before one Court will serve the convenience of the parties and witnesses or further the just and efficient conduct of these actions. Additionally, the Albano Plaintiffs' motion to transfer all actions against all defendants to the Eastern District of New York would raise significant managerial and efficiency concerns, as that court would have to simultaneously manage the scope of pre-trial proceedings involving hundreds of plaintiffs, with separate and distinct classes of purchasers of baby food products.

1

Indeed, this Panel's recent opinion denying transfer and centralization of all COVID-19 cases brought against all defendants into one massive industry-wide MDL against the insurance industry supports denial of the Albano Plaintiffs' request. *See In re COVID-19 Bus. Interruption Prot. Ins.*, 482 F. Supp. 3d 1360, 1363 (J.P.M.L. 2020). Centralization of these actions against **all** defendants before one court is not appropriate because these respective actions will simply not share sufficient common or overlapping questions of fact. The facts and information necessary, for example, to establish claims against Defendant Beech-Nut, will be specific to those plaintiffs and Beech-Nut, and do not, as certain respondents may claim or imply, arise out of a single event or some industry-wide conspiracy. In sum, the differences between and among the actions against the defendants are simply too numerous and significant. This Panel should thus reject the Albano Plaintiffs' similar attempt to create an industry-wide MDL against baby food product manufacturers. As discussed below, although there are a number of actions pending against certain of these defendants, there are more practical and appropriate solutions to manage these actions efficiently and effectively; for example, the Panel could centralize actions against each defendant in that defendant's home district.

For the reasons set forth herein, the Albano Plaintiffs' motion for consolidation and transfer of all actions to the Eastern District of New York should be denied as it does not meet the standards enumerated by 28 U.S.C. §1407.

## II.    ARGUMENT

### A.    The Related Actions Are Not Appropriate for Transfer and Coordination Pursuant to 28 U.S.C. §1407(a)

Section 1407 transfer "should be the last solution that parties seek after considered review of all other options," "such as [informal coordination or] transfer under Section 1404." *In re: Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378-79 (J.P.M.L.

2

2011). A Section 1407 transfer for consolidated proceedings is thus warranted only where all three of the following criteria are met: (1) the actions share common issues of fact, (2) transfer would further convenience of parties and witnesses, and (3) transfer would advance the just and efficient conduct of the actions. 28 U.S.C. §1407(a).

However, to warrant centralization, it is not enough for movants to show some "common legal questions and, perhaps, a few factual questions." *In re Pharm. Benefit Plan Adm'rs Pricing Litig.*, 206 F. Supp. 2d 1362, 1363 (J.P.M.L. 2002). Without sufficient common questions of fact, transfer is inappropriate. *See In re Not-For-Profit Hosp./Uninsured Patients Litig.*, 341 F. Supp. 2d 1354, 1356 (J.P.M.L. 2004). The party seeking transfer bears "a heavy burden to show that [the] common questions of fact are sufficiently complex, and that the accompanying discovery will be so time-consuming as to justify transfer under Section 1407." *In re 21st Century Prods., Inc. "Thrilsphere" Contract Litig.*, 448 F. Supp. 271, 273 (J.P.M.L. 1978). Here, like in *In re COVID-19 Business Interruption Protection Insurance Litigation*:

> These questions, though, share only a superficial commonality. There is no common defendant in these actions – indeed, there are no true multi-defendant cases, as the actions involve either a single insurer or insurer-group (*i.e.*, related insurers operating under the same umbrella or sharing ownership interests). Thus, there is little potential for common discovery across the litigation. Furthermore, these cases involve different insurance policies with different coverages, conditions, exclusions, and policy language, purchased by different businesses in different industries located in different states. These differences will overwhelm any common factual questions.

*In re COVID-19*, 482 F. Supp. 3d at 1363. Here, like in the COVID-19 actions, each action is brought on behalf of a class of purchasers of baby food products against a specific manufacturer defendant. Each action alleges that a specific defendants' baby food products violate certain state and common laws based on that defendant's conduct. Indeed, the Albano Plaintiffs highlight the very differences that warrant denial of their motion when they claim that "[t]he various Plaintiffs

3

in this litigation have all filed proposed class actions arising from Defendants' false and misleading advertising and labeling of their baby food products." Albano Plaintiffs' Mot. at 3. Thus, the conduct alleged by each plaintiff is specific to that defendant, and not necessarily to other defendants.

The Albano Plaintiffs failed to distinguish this Panel's opinion in *In re COVID-19* nor explain how transfer of all the actions will join multiple common questions of fact as to all defendants. Nor do the Albano Plaintiffs explain how centralizing all of these actions against all of these distinct defendants would reduce duplication in discovery or reduce the threat of inconsistent rulings. As articulated below, the potential for overlapping discovery is minimal in these actions and duplication can be avoided through informal cooperation and shared discovery requests and responses, master interrogatories, or coordinated third party responses. *See In re Ins. Cos. "Silent" Preferred Provider Org. (PPO) Litig.*, 517 F. Supp. 2d 1362, 1363 (J.P.M.L. 2007) (denying motion to transfer actions when "[a]lternatives to transfer exist that may minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings"). Thus, transfer and coordination of the Related Actions against all defendants for pretrial proceedings to one Court is not appropriate.

> **1. Transfer Should Be Denied Due to Lack of Sufficient Commonality or Shared Factual and Legal Issues Among Defendants**

Albano Plaintiffs argue that these actions involve the common question whether manufacturers of baby food products "common thread of the Plaintiffs' allegations here are the same – whether Defendants' misrepresented that their baby foods were suitable and safe for consumption by babies despite knowing that the baby foods contain heavy metals." Albano Mot. at 8. Framing the issue this way, however, ignores the reality that establishing liability for each defendant will involve facts and discovery specific and unique as to each defendant. *See In re:*

4

*OxyElite Pro & Jack3d Prod. Liab. Litig.*, 11 F. Supp. 3d 1340, 1341 (J.P.M.L 2014) (rejecting motion to transfer where injuries caused by different drugs would require different fact discovery). And because the claims in each case will differ – factually and legally – based on the discovery from each plaintiff and defendant, there is no real risk of inconsistent rulings nor inconvenience to the judiciary. *See In re: Mortgage Lender Force-Placed Ins. Litig.*, 895 F. Supp. 2d 1352, 1353 & n.2 (J.P.M.L. 2012) (denying industry-wide and bank-specific centralization because "individualized discovery and legal issues are likely to be numerous and substantial"). *See also In re Hotel Indus. Sex Trafficking Litig.*, 433 F. Supp. 3d 1353, 1356 (J.P.M.L. 2020).

The more than 60 cases filed involve eight different defendants alleged to have sold different foods with different levels of different toxic heavy metals while making different statements regarding the suitability of their food for consumption by infants, toddlers, and young children. Thus, because the cases against each specific defendant manufacturer stand on their own footing, there simply is no basis to transfer and centralize all actions against all defendant manufacturers to one court.

### 2. Transfer and Coordination Will Not Further the Convenience of the Parties and the Witnesses nor Will It Promote the Just and Efficient Conduct of the Related Actions

This Panel has recognized that centralization under 28 U.S.C. §1407 is proper when it will "serve the convenience of the parties and witnesses and promote the just and efficient conduct of [the] litigation." *In re Dairy Farmers of America, Inc., Cheese Antitrust Litig.*, 626 F. Supp. 2d 1348 (J.P.M.L. 2009). Centralization is only appropriate where it will "eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation cost, and save time and effort of the parties, the attorneys, the witnesses, and the courts." MANUAL FOR COMPLEX LITIGATION §20.131 at 220 (Federal Judicial Center 4th ed. May 2020). As stated above, the Albano Plaintiffs'

request to centralize all actions against all defendants will not further the convenience of the parties nor promote the just and efficient conduct of these actions.

Centralization of all actions to the Eastern District of New York is particularly inappropriate here. As the Albano Plaintiffs note, defendants are headquartered in geographically disbursed locations, including New York (Beech-Nut, Hain Celestial Group and Nurture), Campbell Soup Company (New Jersey), Gerber Products Co. (Virginia), North Castle Partners (Connecticut), Plum PBC (California), and Walmart (Arkansas).

Additionally, only Hain Celestial is actually headquartered in the Eastern District of New York (Lake Success), whereas Beech-Nut is headquartered in the Northern District of New York (Amsterdam) and Nurture, Inc. is headquartered in the Southern District of New York (New York City). Facts and witnesses will most likely be located at defendants' respective headquarters, which are located throughout the United States. Thus, there is simply no legitimate claim that transfer of all actions will necessarily eliminate duplication in discovery nor avoid inconsistent rulings.

Indeed, given the sheer number of plaintiffs and defendants that are contemplated to be centralized by the Albano Plaintiffs' motion, a transferee court would necessarily be required to simultaneously handle seven separate actions at once. Clearly, the facts here do not support that centralization will result in any convenience or efficiencies. *See In re: Hotel Booking Access for Individuals with Disabilities Litig.*, MDL No. 2978, 2021 WL 409560, at *1 (J.P.M.L. Feb. 5, 2021) (denying motion for centralization of actions alleging that various hotels did not comply with the Americans with Disabilities Act noting: "We are not convinced that centralization will add substantial efficiencies to this litigation. The circumstances of each hotel defendant's purported violations likely will vary to a great degree.").

### 3. There Are Clear Alternatives to Centralization Under Section 1407

This Panel has denied centralization where there were clear alternatives to centralization. *See In re: Rite Aid Corp. Wage & Hour Emp't Practs. Litig.*, 655 F. Supp. 2d 1376, 1377 (J.P.M.L. 2009). The Panel frequently has denied requests for MDL treatment, even after finding common issues of fact, where informal coordination would suffice, "emphasiz[ing] that 'centralization under Section 1407 should be the last solution after considered review of all other options,'" *In re: Domestic Corp. Gas Absorption Refrig. Prods. Liab. Litig.*, 285 F. Supp. 3d 1358, 1360 (J.P.M.L. 2018) (citation omitted), such as informal cooperation and coordination. *See, e.g.*, *id.* ("[C]ooperation among the few involved courts and counsel appears to be a workable alternative to centralization in this litigation"); *In re Bernzomatic & Worthington Branded Handheld Torch Prods. Liab. Litig.*, 293 F. Supp. 3d 1380, 1381 (J.P.M.L. 2018) ("Informal coordination of discovery and pretrial motions, if it is even needed, is preferable to centralization in these circumstances."); *In re Sorin 3T Heater-Cooler Sys. Prods. Liab. Litig.*, 273 F. Supp. 3d 1357, 1358 (J.P.M.L. 2017) ("Opponents of centralization argue that unique factual and legal issues will predominate in this litigation, and that informal coordination is sufficient to minimize any overlap in pretrial proceedings. We are persuaded that any overlapping pretrial proceedings have been and can continue to be handled through informal coordination."); *see also In re Prevagen Prods. Mktg. & Sales Practs. Litig.*, 283 F. Supp. 3d 1379, 1380 (J.P.M.L. 2017) ("The small number of actions suggests that cooperation and informal coordination by the involved courts and counsel should be feasible.") (citing *In re: Crest Sensitivity Treatment & Protect. Toothpaste Mktg. & Sales Practs. Litig.*, 867 F. Supp. 2d 1348, 1348 (J.M.P.L. 2012) as "denying centralization and listing examples of mechanisms available to prevent redundant discovery").

Here, there are clear alternatives to centralization that warrant denial of the Albano Plaintiffs' motion. Specifically, motions to transfer pursuant to 28 U.S.C. §1404 could centralize actions against each defendant in that defendant's home district. In addition to Section 1404 transfers, cooperation intended to minimize duplicative discovery provides a more suitable alternative to 1407 consolidation. For example, "notices for a particular deposition could be filed in all actions, thereby making the deposition applicable in each action; the parties could seek to agree upon a stipulation that any discovery relevant to more than one action may be used in all those actions; and any party could seek orders . . . directing the parties to coordinate their pretrial efforts." *In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978). *See In re Oklahoma Ins. Holding Co. Act Litig.*, 464 F. Supp. 961, 965-966 (J.P.M.L. 1979); *In re Commercial Lighting Prod., Inc. Contract Litig.*, 415 F. Supp. 392, 393 (J.P.M.L. 1976). *See also* MANUAL FOR COMPLEX LITIGATION, Parts I and II, §3.11 (rev. ed. 1977).

This Panel recently noted many of these alternatives to 1407 consolidation in denying centralization of all COVID-19 actions:

> With respect to the actions in this litigation involving other insurers, centralization does not appear appropriate. There are alternatives to centralization available to minimize any duplication in pretrial proceedings, including informal cooperation and coordination of the actions. The parties also may seek to relate actions against a common insurer in a given district before one judge. Such alternatives appear practicable as to these insurers, given the limited number of actions and districts involved as to each.

*In re COVID-19*, 482 F. Supp. 3d at 1363.

### a. Steps Taken by Plaintiffs to Pursue Alternatives to Centralization

Plaintiffs have taken several steps to pursue alternatives to Section 1407 centralization here, most notably coordinating and supporting Section 1404 transfers of actions to the respective home districts of the defendants Plaintiffs named in each of the four actions Plaintiffs have filed.

To that end, Plaintiffs have assented to a stipulation to consolidate actions filed against Hain Celestial in the Eastern District of New York, and against Beech-Nut in the Northern District of New York, and are currently briefing motions related to consolidating proceedings against Defendants Gerber, Plum, and Campbell, in which Plaintiffs support defendant-specific consolidation and Section 1404 transfers.

Plaintiffs note that in contrast to their own efforts, and those of many other plaintiff groups, the Albano Plaintiffs filed the instant petition for consolidation after 43 other actions had been filed without making a single reference to any efforts taken to coordinate with other plaintiffs in effectuating alternatives to a motion to centralize pursuant to 28 U.S.C. §1407. Additionally, since filing their petition, the Albano Plaintiffs have taken the seemingly contradictory step of ***opposing*** consolidation of actions against Hain in the Eastern District of New York, the very district in which they seek consolidation of ***all*** the actions.

**4. Alternatively, Defendant-Specific MDLs Are More Appropriate**

Should the Panel believe that consolidation is necessary, Plaintiffs submit that Defendant-specific MDLs would be more appropriate than an industry-wide MDL against different Defendants with no apparent ties to each other. *See, e.g.*, *In re COVID-19*, 482 F. Supp. 3d at 1363 (noting that defendant-specific MDLs would be more persuasive than an industry-wide MDL).

**III. CONCLUSION**

For the reasons set forth herein, Plaintiffs respectfully request that the Panel deny the Albano Plaintiffs' motion to transfer pursuant to §1407, and award such other and further relief as the Panel deems just and proper.

Dated: April 13, 2021                         Respectfully submitted,

**SILVER GOLUB & TEITELL LLP**

*s/ Steven L. Bloch*
Steven L. Bloch
Ian W. Sloss
Zachary Rynar
184 Atlantic Street
Stamford, CT 06901
Telephone: 203-325-4491
Facsimile: 203-325-3769
sbloch@sgtlaw.com
isloss@sgtlaw.com
zrynar@sgtlaw.com

Joseph P. Guglielmo
Erin G. Comite
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile: 212-223-6334
jguglielmo@scott-scott.com
ecomite@scott-scott.com

Innessa M. Huot
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
ihuot@faruqilaw.com

*Attorneys for Plaintiffs*